IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TRACY MIKSELL-BRANCH *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ASTRAZENECA PHARMACEUTICALS LP, and ASTRAZENECA LP, <br><br> Defendants. | C.A. No. 10-cv-154 (SLR) |

## JOINT STIPULATION REQUESTING STAY OF ACTION [AND PROPOSED ORDER]

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the Parties telephonically conferred on July 8, 2015 and August 27, 2015, and met in person on September 2, 2015, and they have reached agreement on a proposal to stay this action ("Delaware Action" or "this Action"), as further detailed in the proposed agreement set forth below.

**I. PROPOSED STAY OF ACTION**

A. **Background, the Texas Action:** This is an action arising under the federal False Claims Act and state analogues ("False Claims Statutes"). The case was initially filed on February 24, 2010 under seal [Dkt. 2], but it was not unsealed until January 6, 2014 [Dkt. 40]. Plaintiff/Relator Tracy Miksell-Branch alleges that Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP (together, "Defendants" or "AstraZeneca") have engaged in conduct that violated the False Claims Statutes, among other claims.

A substantially similar *qui tam* lawsuit involving the same Relator and Defendants is pending in Texas state court. *See State of Texas ex rel. Allison Zayas and Tracy Miksell-Branch v. AstraZeneca, L.P. et al.*, Cause No. D-1-GN-13-003530 (353rd Jud. Dist., Travis County),

TX) (the "Texas Action"). In the Texas Action, relators Allison Zayas and Tracy Miksell-Branch allege that Defendants violated the provisions of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code, ch. 36, in connection with their marketing of Seroquel and Seroquel XR. Discovery has commenced in the Texas Action, which is set for trial in August 2017.

The Parties agree that the discovery and trial phases of the Texas Action may affect the manner in which the Delaware Action proceeds, and the parties have a mutual interest in avoiding duplicative (and potentially unnecessary) attorney work, fees, and costs in both the discovery and trial phases of this Action, and in minimizing inconvenience and inefficiencies for the Parties, third-parties and the Court. The Parties respectfully submit that a stay of this Action, with agreed upon terms and conditions, until the Texas Action results in a judgment (excluding appeals) or settlement, whichever first occurs, would be the most prudent way to proceed.

B. **Additional Background of Request:** The Parties agree that, should this matter be stayed until after the Texas Action is concluded, (i) duplication of discovery already taken in the Texas Action or otherwise unnecessary discovery should be avoided, and (ii) discovery already taken in the Texas Action shall presumptively be used in the Delaware Action to the same extent as if such discovery originally had been taken in the Delaware Action itself. However, the Parties acknowledge that discovery in the Texas Action may not fully address all facts and circumstances meriting discovery in the Delaware Action. For example, and without limitation:

- The substantive law governing claims to be tried in the Texas Action is different than the law governing claims to be tried in the Delaware Action.
- The geographic scope of claims asserted in the Texas Action is narrower than the geographic scope of claims asserted in the Delaware Action.

- Plaintiffs and their counsel in the Delaware Action represent that, while they may assist in the Texas Action, the State of Texas (which intervened in the Texas Action), retains ultimate authority to determine how the discovery, pre-trial and trial stages ("Litigation Strategy") of the Texas Action will proceed, such that Plaintiffs in the Delaware Action will not have the ability to utilize discovery and trial proceedings in the Texas Action to fully or adequately explore facts and circumstances specific to the Delaware Action.

The parties agree that discovery taken in Texas that is relevant to the Delaware Action will be applicable in the Delaware Action as if noticed and taken in Delaware, and discovery will not be duplicated. Then, upon conclusion of the Texas Action, the parties agree to confer and work to reach an agreement on the scope of additional discovery, if any, required as part of the Delaware Action. The parties agree that if additional discovery is warranted, such discovery may be limited and may include:

- depositions, though the parties agree that any further deposition of a witness previously deposed in the Texas Action will not involve duplication of the testimony offered in the previous deposition, and the parties will negotiate in good faith to work through the scope and need for additional testimony;
- the production of documents and things not already produced as part of the Texas Action; and
- any other discovery mechanism within the scope of Rule 26 that does not seek to adduce discovery that has already been produced in the Texas Action.

It is impossible to predict with certainty all subject matter that will be investigated and/or resolved in the Texas Action, and what evidentiary or other rulings may be entered therein

pursuant to Texas law. Accordingly, it would be unduly prejudicial to all Parties to incorporate Texas Action discovery into the Delaware Action without the possibility of further reasonable inquiry. For these reasons, the Parties advocate the approach outlined below.

C. **Proposed Agreement:** In light of the foregoing, the Parties agree and jointly propose the following for the Court's approval:

(a) This Action shall be immediately stayed and administratively terminated in a way that preserves the status quo of this Action as of the date of the stay; all time periods applicable to claims or other related matters are tolled from that stay date until this Action is reinstated in the future.

(b) Such stay shall remain in place until the Texas Action is resolved at the trial level, whether by judgment or settlement (whichever occurs first).

(c) Within sixty (60) days of resolution of the Texas Action in accord with the preceding paragraph, counsel for the Parties in this Action shall meet and confer regarding the implication of such resolution for the Delaware Action, and they shall file with this Court a status report and joint discovery plan that outlines (i) any agreement as to how the Delaware Action should proceed, if at all, in light of the resolution of the Texas Action, and (ii) any areas of disagreement, as well as the Parties' respective positions on such disagreement, at which point the Court will convene a conference to determine how this Action shall proceed.

(d) The parties wish to avoid duplication in the Delaware Action of discovery taken or obtained in the Texas Action. Should the Delaware Action proceed to discovery upon a lifting of the stay, any discovery exchanged or obtained in the Texas Action (*e.g.*, documents and things produced, interrogatory responses served, and depositions taken) shall be accepted in the Delaware Action as if originally exchanged or obtained in the Delaware Action. The Parties may

be permitted to seek, in good faith, additional, different, and/or further discovery to the extent such discovery was not sought or sufficiently adduced in the Texas Action for purposes of the Delaware Plaintiffs' prosecution of the Delaware Action, and which is discoverable in the Delaware Action pursuant to Rule 26.

(e)     The parties shall engage in good faith negotiations regarding any discovery sought pursuant to the preceding paragraph above about which they initially disagree. If motion practice ensues, the court hearing such motion shall take into account in deciding such motion this stipulation, the expressions of intent herein, and the circumstances leading up to and including this Joint Stipulation's execution.

Respectfully Submitted,

Dated: September 22, 2015

By: /s/ David A. Dorey
David A. Dorey (DE ID No. 5283)
Steven L. Caponi (DE ID No. 3484)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: 302-425-6400
Facsimile: 302-425-6464

Alan M. Freeman (*pro hac vice*)
Paul M. Honigberg (*pro hac vice*)
BLANK ROME LLP
600 New Hampshire Avenue, NW
Suite 1200
Washington, D.C. 20037

W. Scott Simmer (*pro hac vice*)
SIMMER LAW GROUP PLLC
600 New Hampshire Avenue, NW
Suite 10-A
Washington, DC 20037

*Counsel for Plaintiffs/Relators*

By: /s/ Jody C. Barillare
    Jody C. Barillare (DE ID No. 5107)
    The Nemours Building
    MORGAN, LEWIS & BOCKIUS LLP
    1007 N. Orange Street, Suite 501
    Wilmington, DE 19801
    Telephone: 302-574-3400
    Facsimile: 302-574-3001

    John C. Dodds (*pro hac vice*)
    Máire E. Donovan (*pro hac vice*)
    MORGAN LEWIS & BOCKIUS LLP
    1701 Market Street
    Philadelphia, PA 19103
    Telephone: 215-963-5000
    Facsimile: 215-963-5001

*Counsel for Defendants*

IT IS SO ORDERED this _____ day of _____, 2015.

_____
U.S. District Judge Sue L. Robinson